Robert Rainwater on behalf of Mr. McGinley. In this case basically I believe the the government and I both agree as to what the law is in this area but the issue here is how we see the facts being interpreted with that law. What we see is an unambiguous oral pronouncement of sentence. The government told the judge at the sentencing argument that it could upward depart to a 14-month term of supervised release. Then following what the government told him to do said I hereby upward depart to a 14-month term of supervised release all of the conditions to remain the same. In our position is that's unambiguous. You heard a 14-month term of supervised release. We all know what that means. The other conditions remain the same. There is a then a written judgment which reflects the was supposed to reflect the oral judgment that in our opinion was just and the government wants to argue that that written judgment was some way changing the oral pronouncement. Obviously we'd have a bunch of cases we wouldn't have all the cases saying oral controls over the written if that was the case. Secondly I don't think... Didn't the judge try to clean it up at the sentencing at the very moment that the sentence was imposed as opposed to simply later by making the statements that were made on the record at the time? You mean about why he upward departed? Right. That he used 3553 I think the same factors used in deciding... So variance at that moment so if he's moving in 3553 is moving as a variance as opposed to the departure. Yes but the same factors apply whether it's the actual term of imprisonment or the supervised release. So I don't think it clarifies what he meant by the 14-month term of supervised release. And you know clearly what happened in this case is once he got the transcript, the same day he got the transcript and I got the transcript and read it, then he tried to issue an order clarifying or changing what he actually said. So what was he to do? Was he to reconvene the sentencing hearing if he believed he made a mistake? He couldn't clarify it in the written record? What did you want him to do? I think double jeopardy prohibits from doing anything at that point. I see. You know basically the law is that you sentence somebody... Unless that statement at sentencing was ambiguous. The oral pronouncement was ambiguous. Then he could correct it within the 14-day period. If it was an ambiguous sentence? Right. Don't you have to look at that statement in context? Well there's a reason for it and the reason is he gave the exact reason the government... If you look at it says I would just, this is the prosecutor arguing, I would just note that the court could still impose a 14-month term of supervision. I would agree there's evidence... The prosecutor misspoke. Right. And the court misspoke. Exactly. And if you look at it in context, it's ambiguous. Well I don't think that there's evidence that the court made a mistake makes it ambiguous. Well, if you look at the whole sentencing proceeding  and the judge pronounces sentence, it's ambiguous. Well, I don't know how saying you're sentenced to a 14-month term of supervised release is ambiguous. I think a district court judge knows the difference between supervised release and a term of imprisonment. He may have misspoke himself, clearly, but the case law says a mistake is not sufficient to justify changing the sentence. And he, you know, even the court's own words where he said I'm going to depart upwards to a 14-month term of supervised release, he says I'm going to depart upwards. Right, because that's what the government, he just repeated what the government asked him to do. Correct. And I think that's ambiguous. But when you talk about, no, but when you talk about supervised release, you don't talk about departing upward or departing downward. No. That's why I'm saying that. So when you put everything together, it's ambiguous. Well, I understand your position, and I think it's fair. Well, you know, I don't know if it's my position. I'm just trying to make sense out of what took place in the courtroom. What I see is a reason that probably is incorrect, and then a sentence. Okay. I think we understand your argument on that, counsel. Okay. What about the fact that this defendant has been released? Isn't part of this case moot, ma'am? I don't believe so, because as we've said in our response to the motion to dismiss, there's no evidence here in the record that he's fled the jurisdiction or a fugitive. In all likelihood, he's somewhere in Portland waiting for them to serve the arrest warrant. And we're going to be back in the district court. He may have a defense to these charges. There's no allegation in the pending violation petition that he's absconded or fled the jurisdiction. So I don't think that he's a fugitive. I'm not talking about that side of it, but the prison term has been completed, has it not? It was completed before the judge sentenced him, correct? Right. Right. But he's still on supervisory lease, right? It's pretty close to expiring. I haven't done the actual calculations, but it's pretty close to be expired. It may be expired by the time we get back to court. All right. I would reserve time for rebuttal. That's fine. We'll hear from the government. Good morning. My name is Scott Bradford, and I represent the United States in this matter. I'm also the prosecutor who handled the issues that are now on appeal before the district court. Oh, so you misspoke first. I did. I did misspeak. Plain and simple. Things happen at a quick pace sometimes in the district court. I misspoke, and I believe that the district court misspoke. I think there are three issues before this court. The first issue is the motion to dismiss and whether or not that should be granted because the defendant is a fugitive. But what's your evidence that he has intentionally fled the jurisdiction? Maybe he's in the hospital or something. You haven't presented any facts that would suggest he's intentionally trying to avoid this so he should be sanctioned, other than that he didn't show up for his supervised release probation officer, right? Correct. We simply have the allegations in the supervised release petition that alleged he failed to show up, failed to report. Don't you need more than that in order for us to actually sanction to dismiss his entire case? Well, we also have the unexecuted arrest warrant that was issued in October. Still could be in the hospital in a coma. It could be somewhere. You don't have any other evidence of where he is or why he did what he did and why he's not around. Correct. Not in the record. And isn't that required for us to actually make that discretionary call to sanction to dismiss this? What I think the court needs is what the government has supplied here, simply an unexecuted arrest warrant and those statements made under oath by the supervisor or by the probation officer. But this court still has the right to hear and decide this appeal regardless based on the fugitive disentitlement doctrine. The real issue here is whether or not the judge's oral pronouncement of his sentence was ambiguous. And then the final issue would be whether or not the statutory maximum penalty that can be imposed pursuant to 18 United States Code Section 924E is life. Can I just clarify, did the judge receive the violation report which gave the sentencing range of term of imprisonment of 7 to 13 months? That was part of the record, right? I think if the court looks at that record, the report submitted by the probation officer before it went up on remand was incorrect. They provided the district court with an incorrect sentencing range of 14 months. I think it was 8 to 14 months is what the probation officer... For incarceration though? Yes. Right, okay. Yes. But I think as this court is mentioning that the statement was ambiguous. The judge did not need to depart or vary upwards in order to get to a 14-month term of supervision as the judge said. I think that makes it clear that it was ambiguous. Also when you're looking at context which this court is permitted to do and that's done in United States v. Allen as cited in the brief where the district court there or the, excuse me, the Ninth Circuit there looked to the plea agreement to put things in context and determine whether or not the statement made by the district court was ambiguous. And here you have also the reason that we were back before the district court, the joint motion for remand to correct the procedural error of the wrong sentencing guideline. I think it's quite clear that the judge's oral pronouncement was ambiguous. And turning now to the final issue, whether or not... He acted, there was a period of time when judges only had like 10 days to correct an error. They have 14 days. At the time he acted here the law had changed, is that right? Correct. I believe Rule 35 was amended to 14 days in 2009 and I think that rule became effective December 1st of 2009. We're talking about a sentencing that happened February 16th of 2010 was the issue correcting or amending the ambiguous oral pronouncement. So the district court did act timely. And finally, I think the last issue, the statutory maximum for 18 U.S.C. Section 924E is addressed by this court in United States v. Bland. The court in that case made it pretty clear that the statutory maximum penalty for that statute is life and the court also rejected the rule of lenity argument advanced by the defendant in this case saying the statute's unambiguous. A five-year period of supervised release is available? That wouldn't permit it, yes, because it's a Class A felony. Back to the absconding argument, the motion to dismiss, what's the state of the record in terms of the status of this person and what actually happened? The record itself before this court, the only record I should say before this court is the supervised release petition as well as the unexecuted arrest warrant. That is all this court has. That's all that's in the record, Your Honor. But with respect to the motion to dismiss, what do we look to? I think the court can look to that unexecuted arrest warrant. It's signed by the judge. It's been issued. That's from a state court, right? No, that's from the United States District Court in Oregon. But this is October 28th, right? 21st, yes. Okay, so he's on supervised release. He violates and go to court. You see the judge and you seek the warrant because he's not around. Yes. So right now between the end of October and today, we don't know where he is. Correct. Do you know if the marshals have attempted to serve him? That's beyond the record. I'm happy to answer that question, but it is beyond the record. Did you check before you filed that motion? Yes. But again, there are more facts I could provide, but that would be beyond the record. Very well. Anything further? No. With that, I would submit and simply ask that the court grant the motion to dismiss or in the alternative, affirm the district court's order. Thank you. Thank you, counsel. Mr. Rainwater, you have some reserve time? You waive reserve time. Very well. The case just argued will be submitted for decision.
judges: Kendall, O'scannlain, Paez